IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| DOUGLAS EUGENE CAUSEY, | * | |
| ADC #093679, | * | |
| | * | |
| Petitioner, | * | |
| v. | * | No. 4:21-cv-00308-JJV |
| | * | |
| DEXTER PAYNE, Director, | * | |
| Arkansas Division of Correction, | * | |
| | * | |
| Respondent. | * | |

**MEMORANDUM AND ORDER**

**I.    INTRODUCTION AND FACTUAL BACKGROUND**

Petitioner Douglas Eugene Causey, an inmate at the Grimes Unit of the Arkansas Division of Correction, brings this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus *pro se*.  (Doc. No. 1.)  On October 15, 2019, Mr. Causey pleaded guilty to several charges in two separate cases in the Circuit Court of Pulaski County, Arkansas:   possession of methamphetamine or cocaine with purpose to deliver, possession of drug paraphernalia, and maintaining a drug premises in case number CR-18-2487 (Doc. No. 10-3 at 39-41), and possession of methamphetamine or cocaine with purpose to deliver, possession of drug paraphernalia, and four counts of aggravated assault in case number CR-19-1595 (Doc. No. 10-7 at 15-19).   On November 14, 2019, after entering the guilty pleas but before being sentenced, Mr. Causey filed a *pro se* motion to withdraw his pleas in both cases.  (Doc. No. 10-3 at 21-22.)   He asserted he received ineffective assistance from plea counsel, who urged him to plead despite his assertion that he was not guilty of all charges and also misadvised him as to the effect the pleas would have on a pending federal case.   (*Id*.) Approximately one week later, Mr. Causey entered a guilty plea in that federal case, admitting

guilt on one count of conspiracy to possess with intent to distribute methamphetamine. *United States v. Causey*, 4:18-cr-00470-1-JM (E.D. Ark. Nov. 20, 2019).

On September 23, 2020, the Pulaski County Circuit Court held a hearing on Mr. Causey's *pro se* motion to withdraw his pleas. (Doc. No. 10-8 at 18-36.) By that time Mr. Causey had retained new counsel, who clarified that Mr. Causey wished only to withdraw his guilty plea to the aggravated assault charges in CR-19-1595. (*Id*. at 24, 31-32.) The basis for the request was that Mr. Causey did not know he was pleading guilty to violent felonies, which would potentially enhance his federal sentence. (*Id*. at 24-26.) The motion was denied from the bench. (*Id*. at 32.) On October 1, 2020, Mr. Causey was sentenced in the federal case to a term of 180 months' imprisonment, followed by five years' supervised release. *United States v. Causey*, 4:18-cr-00470-1-JM (E.D. Ark. Oct. 1, 2020). The judgment made no mention of Mr. Causey's pending state charges. *Id*.

On November 5, 2020, Mr. Causey was sentenced in each of the two state cases to aggregate terms of forty years' imprisonment, to be served concurrently with one another, which had been negotiated as part of the plea. (Doc. No. 10-8 at 38-43.) These forty-year terms were to be served concurrently with Mr. Causey's federal sentence. (*Id*.) On December 1, 2020, before sentencing orders were entered, Mr. Causey's counsel filed notices of appeal in both cases. (Doc. Nos. 10-3 at 24, 10-7 at 7.) The sentencing orders were entered on December 4, 2020 (Doc. Nos. 10-3 at 26-28, 10-7 at 9-13) and were amended – on December 15, 2020, in CR-18-2487 and on December 28, 2020, in CR-19-1595 – apparently to correct an error in Mr. Causey's criminal history score. (Doc. Nos. 10-3 at 39-41, 10-7 at 15-19.) Mr. Causey did not perfect an appeal in either case, and he did not file a petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1.

In the Petition for Writ of Habeas Corpus now before the Court, Mr. Causey raises four claims: (1) he received ineffective assistance from both plea counsel and the counsel he retained to represent him on the motion to withdraw the plea; (2) he was told he would not have to "come to ADC on the 40 years" because it would be concurrent to the federal sentence; (3) he was never informed of "what the court amended" on December 28, 2020; and (4) he is not guilty of several of the charges. (Doc. No. 1 at 5-10.) Respondent contends all of Mr. Causey's claims are either improperly pleaded, procedurally defaulted, or meritless. (Doc. No. 10 at 12-20.) After careful consideration of the Petition and Response, I find the Petition must be dismissed with prejudice.

## II.   ANALYSIS

### A.   Ineffective Assistance of Counsel

Mr. Causey alleges his plea counsel was ineffective because she failed to file motions to suppress, subpoena a witness, obtain a relevant police report, and inform him of the right to sever the two cases, and because she "had another lawyer intimidate" him into taking the plea. (Doc. No. 1 at 5.) He further alleges the attorney he hired to handle the motion to withdraw the pleas was ineffective because he failed to perfect an appeal. (*Id*.) Respondent counters that these claims are inexcusably procedurally defaulted. (Doc. No. 10 at 12-13.) Respondent is correct.

Before filing a federal habeas petition, a state inmate must first "fairly present" the substance of his or her federal habeas claims to the appropriate state courts and exhaust all available state remedies. *Murphy v. King*, 652 F.3d 845, 848-49 (8th Cir. 2011) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State")). The fair-presentment requirement exists so that the respective state has the "'opportunity to pass upon and correct' alleged violations of its prisoners'

federal rights." *Murphy*, 652 F.3d at 849 (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)); *see also Picard v. Connor,* 404 U.S. 270, 275 (1971) (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950)) ("We have consistently adhered to this federal policy, for 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.'"); *Lenza v. Wyrick*, 665 F.2d 804, 807-08 (8th Cir. 1981).  In order to fairly present a federal claim to the state courts, the petitioner must have referred to "'a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue' in a claim before the state courts."  *Murphy*, 652 F.3d at 849.

When a state inmate fails to comply with the fair-presentment requirement, his or her claim will be procedurally defaulted.  *Id*.  Moreover, if it would be futile for a petitioner to return to the state courts to present his or her claim, "the exhaustion requirement in § 2254(b) is satisfied, but th[is] failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim.'"  *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). When a state prisoner has defaulted his or her federal claims in state court, federal habeas review of the claims is barred unless the prisoner can demonstrate:   (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law"; or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice," that is, a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent.  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Here, Mr. Causey failed to raise his ineffective-assistance-of-counsel claims in state court in a petition pursuant to Rule 37, "which is the remedy for asserting allegations of ineffective

assistance of counsel." *Gray v. State of Arkansas*, 2018 Ark. 79, at 3, 540 S.W.3d 658, 659 (citing *State of Arkansas v. Tejeda-Acosta*, 2013 Ark. 217, at 8-9, 427 S.W.3d 673, 678 (a Rule 37 petition is the proper remedy "[w]here one who pleads guilty desires to challenge a plea after entry of judgment," and the time limitations imposed in Rule 37 are "jurisdictional in nature")). Under Rule 37.2(c)(i), Mr. Causey had until ninety days after entry of judgment to pursue post-conviction relief, which means an attempt to return to state court and present the claim now would be futile. Therefore, federal habeas review is barred unless Mr. Causey can demonstrate an exception. *Armstrong*, 418 F.3d at 926.

The cause-and-prejudice exception requires a showing of "some objective factor external to the defense" that impeded development of the claim in state court. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Mr. Causey does not identify any such impediment. Assuming he blames his retained counsel – who, according to Mr. Causey, was supposed to pursue an appeal from the denial of the motion to withdraw the pleas – this is insufficient to demonstrate cause. A direct appeal would not have been the proper forum to raise the ineffective-assistance claims, and there is no evidence at all indicating this attorney was hired to file a Rule 37 petition. At the conclusion of Mr. Causey's sentencing hearing, the attorney noted a final order would give Mr. Causey "the opportunity for a Rule 37 if he wanted one." (Doc. No. 10-8 at 41.)

The miscarriage-of-justice exception is likewise inapplicable. A petitioner who raises a gateway claim of actual innocence must establish (1) new and reliable evidence that was not presented at trial, and (2) in light of the new evidence, it is more likely than not that no reasonable juror would have convicted him. *Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir. 1997). Mr. Causey does not begin to cross the very high threshold of an actual-innocence gateway claim, as he does not point to any new evidence.

Finally, the *Martinez* exception for substantial claims of ineffective assistance of trial counsel, which allows federal habeas review where there was no counsel or ineffective counsel in the initial-review collateral proceeding, is also unavailable. *Martinez v. Ryan*, 566 U.S. 1 (2012); *Sasser v. Hobbs*, 735 F.3d 833, 852-53 (8th Cir. 2013) (*Martinez* applicable in Arkansas cases because Arkansas does not generally afford defendants meaningful review of ineffective-assistance-of-trial-counsel claims on direct appeal). *Martinez* has been held to be inapplicable when there was no initial-review collateral proceeding at all. *See Bell v. Kelley*, 5:17-cv-00234-SWW-JTR, 2018 WL 3653317, at 6 (E.D. Ark. June 29, 2018) (recommended decision) ("[B]ecause Bell failed to file a timely Rule 37 Petition, *Martinez* does not apply to his ineffective assistance claim."), *report and recommendation adopted* 2018 WL 3650228 (E.D. Ark. Aug. 1, 2018); *see also Jones v. Pa. Bd. of Prob. & Parole*, 492 Fed. Appx. 242, 246-47 (3d Cir. 2012) ("Because the Court spoke only of applying its exception to an 'initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel[,]' we conclude that the *Martinez* analysis is inapplicable where the criminal defendant did not initiate any state collateral review proceeding whatsoever."). Thus, even assuming Mr. Causey were raising a substantial claim of ineffective assistance of counsel, his failure to first raise it in a properly filed Rule 37 petition precludes application of *Martinez*. His claims are inexcusably procedurally defaulted.

**B.   Service of Sentences**

Mr. Causey asserts he was told he "would not have to come to ADC on the 40 years because it would be concurrent" to his 180-month federal sentence. (Doc. No. 1 at 7.) He does not identify who gave him this information, and he provides no other facts in support of the claim. Notably, Mr. Causey does not appear to allege he is serving the sentences consecutively, only that he was misinformed as to where he would serve them. As such, Mr. Causey does not assert he is

in custody "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  This is not a cognizable habeas claim, and even if it were, Mr. Causey does not provide enough details to support it.  To the extent Mr. Causey alleges his counsel misinformed him and this constitutes ineffective assistance, such a claim would be procedurally defaulted for the reasons already stated.

      **C.**    **Amendment of Sentencing Order**

Mr. Causey claims he does not know "what the court amended" on December 28, 2020. (Doc. No. 1 at 8.)  He says neither his attorney nor the court notified him "of any amendments," and he just learned about it.  (*Id*. at 8-9.)  This appears to be a reference to the amended sentencing order in CR-19-1595, which was entered on December 28, 2020, and which changed only a notation of Mr. Causey's criminal history score.  The amended sentencing order is actually attached to Mr. Causey's Petition.  (*Id*. at 17-21.)  But even assuming Mr. Causey was unaware it had been entered, this does not state a cognizable habeas claim.  Again, the claim fails to allege he is in custody in violation of the Constitution or federal law.  Accordingly, it must be dismissed.

      **D.**    **Actual Innocence**

Finally, Mr. Causey alleges he is "not guilty of but one offens[e]."  (Doc. No. 1 at 10.) He does not specify which charge he is actually guilty of.  He says only that he repeatedly told his plea counsel he was not guilty of "most of the offenses" and he only pleaded guilty because "she was not trying to help [him]."  (*Id*.)

Mr. Causey has failed to state a viable actual innocence claim.  The United States Supreme Court has made clear that the threshold for a freestanding claim of actual innocence, if it were

recognized,[1] would be even higher than the threshold for a gateway claim. *Herrera v. Collins*, 506 U.S. 390, 417 (1993). As previously stated, a petitioner who raises a gateway claim of actual innocence must establish (1) new and reliable evidence that was not presented at trial, and (2) in light of the new evidence, it is more likely than not that no reasonable juror would have convicted him. *Weeks*, 119 F.3d at 1351. Evidence is "new" if it was not available at the time of trial through the exercise of due diligence. *Nooner v. Hobbs,* 689 F.3d 921, 934 (8th Cir. 2012). Additionally, to establish a claim of actual innocence, the petitioner must show factual innocence, not simply legal insufficiency of the evidence to support a conviction. *McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). Mr. Causey fails to present any new evidence, make any convincing argument, or even specify which convictions he challenges. Therefore, he does not come close to meeting the gateway standard, much less the "extraordinarily high" standard applicable to a freestanding claim. *Herrera*, 506 U.S. at 417.

## III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). I find no issue on which Mr. Causey has made a substantial showing of the denial of a constitutional right. Accordingly, no certificate of appealability will issue.

## IV.   CONCLUSION

---

[1] "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *see also Burton v. Dormire*, 295 F.3d 839, 848 (8th Cir. 2002) ("[W]e have squarely rejected the notion that a prisoner may receive a writ simply because he claims he is innocent.").

IT IS, THEREFORE, ORDERED that:

1. Mr. Causey's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 1) is DISMISSED with prejudice.

2. A certificate of appealability will not be issued.

SO ORDERED this 20th day of September 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE